BENJAMIN B. WAGNER
United States Attorney
MICHELE L. THIELHORN
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD KEITH HANNA<br><br>    Defendant. | CASE NO. 1:10CR-0266-LJO<br><br>UNITED STATES' SENTENCING MEMORANDUM REGARDING DEFENDANT RICHARD HANNA |

    The United States entered into a plea agreement with Defendant Richard Hanna whereby in exchange for his plea of guilty to Count 5 of the Indictment (Identity Theft), the United States would dismiss Counts 1 and 4 of the Indictment (Conspiracy to Commit Mail Fraud & Mail Fraud) and would recommend a sentence at the low end of the resulting guideline range.

    As calculated in the Pre-Sentence Investigation Report, the low end of the resulting guideline range is 8 months. As noted in the PSI Report, the guideline range falls within Zone B so pursuant to the Sentencing Guidelines, the Court may choose to impose a split sentence. Nevertheless, pursuant to the terms of the plea agreement,

the United States recommends sentence at the low end of the resulting guideline range, i.e. 8 months imprisonment to be served in whatever fashion deemed appropriate by the Court.

In his sentencing memorandum, Defendant attempts to explain his conduct which formed the basis of him being charged in Counts One and Four of the Indictment, counts which the United States agreed to move to dismiss at sentencing. Although these charges (conspiracy to commit mail fraud and mail fraud) are being dismissed, the United States would respond to Defendant's statements in paragraph 4 of his memorandum to clarify his statements for the record. Specifically, the United States would note that Defendant signed a mortgage loan application KNOWING it contained false information including but not limited to his salary amount, his employer, and his true social security number. Defendant did so as he had agreed to purchase a home owned by co-defendant Ellis and was attempting to get a mortgage to do so. The mortgage application which Defendant signed was ultimately denied by the lender, seemingly on the basis that he did not qualify for the loan. Following the denial, that mortgage application was redone by an unindicted co-conspirator who worked as a loan officer and Defendant Hanna was called to come in and sign it. By his own admission, Defendant did not sign the second loan application simply because he could not get off work for that particular day. Instead, he knowingly authorized co-defendant Ellis to sign his (Hanna's) name for him.

Defendant Hanna also states that he "never opened any bank accounts with [a] false social security card." Def.Memo. P.2 (line 27-28). Again, to clarify for the record, Defendant obtained a Target National Bank Credit Card and a Chase credit card by using the

social security number of another, conduct which formed the basis for his guilty plea to Count Five of the Indictment and conduct which is contained in the factual basis of the plea agreement.

In the last paragraph of his sentencing memorandum, Defendant states that "[h]is performance on pretrial release demonstrates that he is a worthy candidate for probation." To the extent that Defendant is requesting a sentence of probation, then the United States would point out to the Court that Defendant entered into a plea agreement with the United States that strictly prohibits Defendant from asking for any other sentence than what is called for by the plea agreement, i.e. a low-end guideline sentence. Specifically, paragraph I of the plea agreement states "[a]dditionally, the defendant agrees that the application of the guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under Section 3553 of Title 18, United States Code, to arrive at a sentence different than that called for under the guidelines." See Plea Agreement, dkt.#28, p.5.

WHEREFORE, the United States respectfully requests this Court follow the sentencing recommendation contained in the plea agreement and sentence defendant at the low end of the resulting guideline range.

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

/s/ Michele L. Thielhorn

Michele L. Thielhorn
Assistant U.S. Attorney